IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No.: 21-CR-468 (PLF) |
| v. | : | |
| **LOIS LYNN MCNICOLL,** | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION TO RECONSIDER WAIVER OF PRESENTENCE INVESTIGATION REPORT

Pursuant to the "as justice requires" standard recognized by this District and Fed. R. Crim. P. 32(c), the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully asks the Court to reconsider its Minute Order dated May 24, 2022, whereby it waived the Probation Office's issuance of a Presentence Investigation Report (PSR). At the Rule 11 hearing on May 23, 2022, the defendant expressed a desire to conclude these proceedings as quickly as possible, but the defendant did not specifically request that—nor did the government give consent to—the Court waiving the requirement for a PSR. As such, the government respectfully requests that this Court order probation to complete a PSR for the defendant prior to sentencing in this case.

### *Legal Standard*

"Although the Federal Rules do not specifically provide for motions for reconsideration in criminal cases, the Supreme Court has recognized, in dicta, the utility of such motions." *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (DD.C. 2008); *see also United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam) (noting "the wisdom of giving district courts the opportunity promptly to correct their own alleged errors"). This Court should evaluate the merits of this motion

under the "as justice requires" standard that applies in criminal cases. *See United States v. Caldwell*, No. 21-181 (CKK), 2022 U.S. Dist. LEXIS 10043, at *15 (D.D.C. Jan. 19, 2022).

"'As justice requires' indicates concrete considerations by the [C]ourt[.]" *AFL-CIO v. Bullock*, 605 F. Supp. 2d 251, 257 (D.D.C. 2009). These considerations "include whether the Court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *Isse v. Am. Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008).

Here, the Court did not take into account controlling law regarding whether the preparation of a PSR should be dispensed with. "The probation officer *must* conduct a presentence investigation and submit a report to the court before it imposes sentence *unless*: [ . . . ] the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Fed. R. Crim. P. 32(c) (emphasis added). In dispensing with the preparation of the PSR in this case, the Court neither found that the "information in the record" permitted the meaningful exercise of its sentencing authority nor explained its reasoning on the record. That alone warrants reconsideration.

### *Discussion*

At the Rule 11 hearing held on May 23, 2022, the defendant entered a plea of guilty to Count Four of the Information, which charged her with a violation of 40 U.S.C. § 5104(e)(2)(G), Parading, Picketing, or Demonstrating in a Capitol Building. The Court accepted the defendant's plea. When it came time to set the sentencing date, defense counsel expressed a desire to hold the sentencing hearing as quickly as possible. The Probation Office informed the Court that due to the current high volume of criminal cases pending in this Court, that office would need 90 days to

prepare the PSR. The Court set the sentencing date for August 3, 2022, more than 90 days after the guilty plea hearing. The next day, the Court entered another minute order, *sua sponte*, stating, "Upon consideration of defendant Lois Lynn McNicoll's request for expedited sentencing, the Court hereby WAIVES the Probation Office's issuance of a Presentence Investigation Report."

At present, over 800 individuals have been charged with crimes stemming from the January 6, 2021, siege of the U.S. Capitol. At least 300 have plead guilty or been convicted. In virtually every one of those cases, Probation has prepared a PSR. Particularly in petty offense cases such as this one where the Sentencing Guidelines do not apply, a PSR is particularly helpful in explicating the many details about the offense and the defendant's record that should inform the parties and the Court's evaluation of the relevant sentencing factors under 18 U.S.C. § 3553(e). Absent compelling facts or circumstances, which are not present here, the government objects to the waiver of a PSR for this case and requests that the Court reconsider its order.

Moreover, under the "as justice requires" standard, the Court should reconsider its order on the ground that it decided beyond the adversarial issues presented. The expression of a desire to conclude a criminal case with all possible haste is different from a request to waive the preparation of a PSR, a valuable tool for the Court, the government, and the defendant in their consideration of sentencing options. Harm results from the Court's denial of this request, specifically all parties would be deprived of this tool that is crucial for crafting a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553.

*Defense Does Not Object to Government's Request for a PSR*

The government has conferred with counsel for the defendant in this case and counsel has represented that she has no objection to the government's request that a PSR be made available to all parties prior to sentencing. If the Court is inclined to grant the government's request, the first business day following 90 days from the change of plea hearing (May 23, 2022) is Monday, August 22, 2022. The parties would therefore request that the government's sentencing memo be due during the week of August 22, defendant's sentencing memo be due the week of August 29, and the sentencing hearing be set for the week of September 5 (recognizing that Monday, September 5, is a federal holiday).

*Conclusion*

This Court should reconsider and revoke its sua sponte minute order of May 24, 2022, waiving the preparation of a PSR in this case and order probation to complete a PSR.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: _/s/ Sean P. Murphy_
Sean P. Murphy
Assistant United States Attorney
D.C. Bar No. 1187821
U.S. Attorney's Office—Puerto Rico
Torre Chardon, Ste. 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
787-766-5656
sean.murphy@usdoj.gov